UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAULA TAYLOR,

        Plaintiff,

                                        Case No. 16-cv-11797

v.

                                        HON. MARK A. GOLDSMITH

J. C. PENNEY COMPANY, INC.,

        Defendant.

_____/

**OPINION AND ORDER**
**GRANTING DEFENDANT'S MOTION TO DISMISS (Dkt. 4) AND DISMISSING**
**COUNTS ONE AND TWO OF THE COMPLAINT WITHOUT PREJUDICE**

Plaintiff Paula Taylor was an employee of Defendant J. C. Penney Company, Inc. from May 1981 to January 2015. Following her termination, Taylor filed a complaint in this Court alleging unlawful age discrimination in violation of Michigan's Elliot-Larsen Civil Rights Act ("ELCRA"), Mich. Comp. Laws § 37.2101, et seq., as well as various violations of the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, et seq.

This matter is before the Court on J. C. Penney's motion to dismiss two of the three counts in the complaint (Dkt. 4). The issues have been fully briefed. Because oral argument will not aid the decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2). As discussed below, the Court grants the motion.

**I. BACKGROUND**

Taylor began working for J. C. Penney at the Alma, Michigan store location in May 1981. Compl. ¶¶ 10, 11 (Dkt. 1). Due to a lower back surgery, Taylor took medical leave under the FMLA from June 8, 2015 to August 12, 2015. Id. ¶¶ 14, 15. When Taylor returned to work on August 12, certain physical restrictions were placed on her work, including no excessive

1

bending or lifting over twenty-five pounds, and she could only work four-hour days. Id. ¶ 15. On October 13, 2015, Taylor was allowed to work full time but with the same physical restrictions. Id. ¶ 16. Taylor was then approved for and used her "Paid Time Off" from October 15 through the 31. Id. ¶ 17. Taylor was scheduled to return to full-time work on November 2, 2015. Id. ¶ 18.

When Taylor arrived to work on November 2, her store manager, Anita Szostek, informed Taylor that she "couldn't accommodate the restrictions set by [Taylor's] doctor," and Taylor was sent home. Id. ¶ 19. Taylor continued to show up for work from November 2 through November 8, but was told to return home each day by the acting manager and/or leader of the day. Id. ¶¶ 20, 32. During this time period, Taylor contacted the "Powerline Specialists" to coordinate her "Illness Recovery Time." Id. ¶ 26. The Specialists initially told Taylor that she was not entitled to Illness Recovery Time, but Taylor could use her Paid Time Off. Id. ¶¶ 27, 30. Taylor also complained to the Human Resources Department that she felt harassed and discriminated against by Szostek. Id. ¶ 31.

Following a visit with her doctor on November 10, Taylor's physical restrictions were removed and she returned to work on November 11. Id. ¶¶ 33, 34. On November 18, Taylor received a letter from the Powerline Specialists, which stated that Taylor was approved for Illness Recovery Time from November 3 through November 10. Id. ¶ 35.

Later, in January 2016, Taylor informed Szostek that Taylor was going to have knee surgery on February 11, 2016. Id. ¶ 36. On January 25, 2016, Taylor was fired for insubordination and for an incident involving a coupon that a customer had given Taylor on January 18, which was then supposed to be given to Taylor's sister. Id. ¶¶ 37-43. Taylor claims that she "was the eldest salesperson at the time working at [JC Penney's] Alma store." Id. ¶ 45.

Taylor filed her complaint on May 20, 2016, which included one count of age discrimination under ELCRA, one count of FMLA interference, and one count of FMLA retaliation.[1]

## II.  STANDARD OF DECISION

In evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "[c]ourts must construe the complaint in the light most favorable to plaintiff, accept all well-pled factual allegations as true, and determine whether the complaint states a plausible claim for relief."  Albrecht v. Treon, 617 F.3d 890, 893 (6th Cir. 2010).  To survive a motion to dismiss, a complaint must plead specific factual allegations, and not just legal conclusions, in support of each claim.  Ashcroft v. Iqbal, 556 U.S. 662, 678-679 (2009).

## III.  ANALYSIS

### A.  Count One — Age Discrimination Claim Under ELCRA

In Michigan, an employer must not "discharge" or "discriminate against" an employee based on the employee's age.  Mich. Comp. Laws § 37.2202(1)(a).  Under ELCRA, the employer's discriminatory animus must have been a "substantial" or "motivating" factor in the adverse action.  Provenzano v. LCI Holdings, Inc., 663 F.3d 806, 818 (6th Cir. 2011).  A plaintiff may establish this through either direct or circumstantial evidence.  Tilley v. Kalamazoo Cnty. Road Comm'n, 777 F.3d 303, 307 (6th Cir. 2015); Howley v. Fed. Express. Corp., __ F. Supp. 3d __, 2016 WL 1223356, at *4 (E.D. Mich. 2016).  Taylor does not allege any direct evidence

---

[1] J. C. Penney does not challenge the FMLA retaliation claim in its motion to dismiss.  See Def. Mot. at 4 n.1.

of age discrimination; rather, she advances a disparate-treatment theory of age discrimination based on circumstantial evidence. See Pl. Resp. at 7-8.[2]

To establish a prima facie case of age discrimination under this approach, Taylor must demonstrate that she was a member of a protected class, she was subjected to an adverse employment action, she was qualified for her job, and she was treated "differently than a similarly situated employee from outside the protected class." Hein v. All Am. Plywood Co., Inc., 232 F.3d 482, 489 (6th Cir. 2000); see also Tilley, 777 F.3d at 308 (for age discrimination claim, articulating the fourth element of the prima facie disparate-treatment case as the plaintiff being treated "differently than persons of a different age class who engaged in the same or similar conduct" (quoting Provenzano, 663 F.3d at 818)).

In her complaint, Taylor alleges that, from October 2015 through January 2016, she was subjected to intentional discriminatory treatment by J. C. Penney on the basis of her age, which included "requiring her to provide medical releases with no restrictions when other younger employees could work with restrictions." Compl. ¶¶ 47-49. Taylor then claims that this treatment "constitutes age discrimination in violation of" the ELCRA. Id. ¶ 50.

In its motion to dismiss, J. C. Penney contends that Taylor has failed to sufficiently plead factual allegations to support her ELCRA claim, because the complaint "is nothing more than a series of legal conclusions that attempt to formulaically recite the elements of a cause of action," Def. Mot. at 8 — namely, that Taylor was an employee, J. C. Penney was her employer, she was the victim of discrimination, the conduct was intentional, and she suffered damages, id. at 10. According to J. C. Penney, the only factual allegation relating to Taylor's age was that she was

---

[2] Circumstantial evidence consists of "proof that does not on its face establish discriminatory animus, but does allow a factfinder to draw a reasonable inference that discrimination occurred." Tilley, 777 F.3d at 307-308.

4

the "eldest salesperson" at the Alma store. Id. at 9 (quoting Compl. ¶ 45). J. C. Penney further argues that Taylor has failed to: (i) identify any age-related discriminatory comment by any employee; (ii) name a single employee that was treated more favorably; and (iii) provide any factual support that the alleged conduct was intentional. Id. at 10. For these reasons, J. C. Penney seeks to dismiss Taylor's ECLRA claim.

In response, Taylor claims that she "has made a short and plain statement that she was treated differently than other, younger employees," because "[s]he was denied the right to work while she had medical restrictions while other, younger employees were allowed to work even with medical restrictions." Pl. Resp. at 8 (Dkt. 9).

In its reply, J. C. Penney reiterates that Taylor has failed to identify a single employee who was younger but was treated differently than Taylor. Def. Reply at 8-9 (Dkt. 10). J. C. Penney also notes that, absent any facts concerning the medical restrictions of the alleged "younger employees," Taylor has also failed to show how the comparators were similarly situated to Taylor. Id. at 9 n.5. The Court agrees with J. C. Penney.

In viewing the complaint in the light most favorable to Taylor, the Court concludes that Taylor has failed to plead a plausible claim of age discrimination under ELCRA. The complaint completely fails to identify a younger employee who was treated differently than Taylor. House v. Rexam Beverage Can Co., 630 F. App'x 461, 464 (6th Cir. 2015); see also Riever v. Saia Motor Freight Line, Inc., 2009 WL 701397, at *4 (E.D. Mich. Mar. 13, 2009) (dismissing the plaintiff's ELCRA age discrimination claim because he did "not identify even one younger individual who was treated more favorably by Defendant").

By failing to even identify one younger employee in the complaint, Taylor also failed to allege sufficient factual allegations concerning whether she and her comparators were similarly

5

situated. Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp., 176 F.3d 912, 929 (6th Cir. 1999) ("In determining whether an allegedly comparable employee is similarly situated to the plaintiff, the question is whether all of the relevant aspects of his employment situation were nearly identical to those of the [younger employee's] employment situation."); Howley, 2016 WL 1223356, at *7 (appropriate comparator in a disparate treatment case would be an employee who is similarly situated to the plaintiff "in all relevant aspects of the employment"). The complaint does not describe the relative ages or work restrictions of the "other younger employees," as compared to Taylor's age and restrictions. Nor are there any allegations that Taylor and the younger employees performed similar job functions or posed similar qualifications. As such, there are no allegations that Taylor and a younger employee were similar in all of the relevant aspects of their employment to give rise to a plausible claim of age discrimination.

While the complaint does state that Taylor was treated differently because she was required "to provide medical releases with no restrictions when other younger employees could work with restrictions," Compl. ¶ 48, this bare assertion is essentially a recitation of an element for an age-discrimination claim, nothing more. House, 630 F. App'x at 463-464. Absent additional factual allegations, the complaint fails to sufficiently plead a plausible claim for age discrimination.

Accordingly, the Court grants this portion of J. C. Penney's motion and dismisses Taylor's ELCRA claim without prejudice.

### B. Count Two — Interference Claim Under the FMLA

Under the FMLA, it is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA]." 29 U.S.C.

6

§ 2615(a)(1). Unlawful interference includes "refusing to authorize FMLA leave." 29 C.F.R. 825.220(b). To make out a prima facie case of FMLA interference, a plaintiff must demonstrate that

> (1) she was an eligible employee, (2) the defendant was an employer as defined under the FMLA, (3) she was entitled to leave under the FMLA, (4) she gave the employer notice of her intention to take leave, and (5) the employer denied or interfered with the employee's FMLA benefits to which she was entitled.

Wallace v. FedEx Corp., 764 F.3d 571, 585 (6th Cir. 2014).

"Employees are required to provide employers with thirty days['] notice when the necessity for FMLA leave is foreseeable and 'such notice as is practicable' when the need for FMLA leave is not foreseeable." Beaver v. RGIS Inventory Specialists, Inc., 144 F. App'x 452, 456 (6th Cir. 2005) (quoting 29 U.S.C. § 2612(e)(1)); see also 29 C.F.R. §§ 825.302-.303. Notably, the employee is not required to expressly state that he or she is seeking FMLA leave "or even mention the FMLA." Beaver, 144 F. App'x at 456. Rather, the employee need only make the employer aware that leave is needed for an FMLA purpose: "[t]he relevant inquiry is whether the information imparted to the employer is sufficient to reasonably appraise it of the employee's request to take time off for a serious health condition." Id.

The plaintiff must also demonstrate "that the employer's violation caused them harm." Wallace, 764 F.3d at 585. Because the remedy under the FMLA is tailored to the harm the plaintiff suffered, 29 U.S.C. § 2617 provides no relief unless the employee has been prejudiced by the violation. Ragsdale v. Wolverine World Wide, Inc., 535 U.S. 81, 89 (2002). For a violation of § 2615, an employer is liable only for compensation and benefits lost "by reason of the violation," for other monetary losses sustained "as a direct result of the violation," and/or for

7

"appropriate" equitable relief, including employment, reinstatement, and promotion. Id.; 29 U.S.C. § 2617(a)(1)(A)(i).

In her complaint, Taylor alleges that (i) she was an eligible employee, Compl. ¶ 54; (ii) J. C. Penney was an employer under the FMLA, id. ¶ 55; (iii) she was entitled to FMLA leave because she "had a serious medical condition, her back surgery that adversely affected her ability to perform her job duties," id. ¶ 56(a); (iv) she made an "attempt to take intermittent FMLA leave to care for back surgery recovery," id. ¶ 54; and (v) she "should have been approved for and certified for intermittent FMLA through her medical provider," id. ¶ 56(b).

In its motion to dismiss, J. C. Penney argues that Taylor has failed to plead facts that J. C. Penney interfered with Taylor's rights to FMLA intermittent leave, because the complaint "does not allege any facts showing when she required intermittent leave; that she was entitled to or eligible for intermittent leave; that she applied for intermittent leave; or that [J. C. Penney] denied her request for intermittent leave." Def. Mot. at 7-8. Instead, J. C. Penney contends that the complaint demonstrates that Taylor received eight weeks of FMLA leave, she returned to work with restrictions in August 2015, she took approved Paid Time Off leave in October, she received approval for short-term disability from November 3-10, and she then returned to full-time work without restrictions on November 11. See id. at 8. According to J. C. Penney, an FMLA interference claim fails when an employee receives her FMLA leave. Id.

The Court agrees that Taylor has failed to sufficiently allege facts that she was prejudiced by the violation. Although not expressly alleged in her complaint, Taylor's FMLA interference claim is clearly premised on her attempt to take intermittent leave in November 2015 to care for her back following her surgery. See Compl. ¶ 54 (stating that Taylor made an "attempt to take intermittent FMLA leave to care for back surgery recovery"); Pl. Resp. at 2 ("Defendant's

8

Human Resources interfered with Plaintiff's short term disability benefits."); see also id. at 3 ("JC Penney's Human Resources refused to allow Plaintiff to use short term disability benefits to which she was entitled for the time off."). The complaint's allegation that Taylor "should have been approved for and certified for intermittent FMLA through her medical provider," Compl. ¶ 56(b), suggests that the alleged interference at issue in this claim amounted to J. C. Penney not approving her for such leave. This allegation seems to refer to Taylor being initially informed that she was not entitled to Illness Recovery Time by J. C. Penney's Powerline Specialists. See id. ¶¶ 27, 29 (Powerline Specialists informed Taylor that she was not entitled to Illness Recovery Time and could only use Paid Off Time). Assuming Taylor was entitled to intermittent leave in November when she notified J. C. Penney's Powerline Specialists to coordinate the Illness Recovery Time, the initial denial would have plausibly stated a violation of the FMLA.

However, as pleaded, Taylor acknowledges that she received a letter on November 18, 2015, which stated that she was subsequently "approved for Illness Recovery Time from November 3, 2015 through November 10, 2015." Id. ¶ 35. With no other allegations of harm, Taylor has failed to plead specific factual allegations that she was prejudiced by the alleged violation that would support a plausible claim for FMLA interference. Therefore, the Court grants this portion of J. C. Penney's motion and dismisses Taylor's FMLA interference claim without prejudice.

Taylor's arguments in her response brief do not warrant a different outcome. First, Taylor contends that Szostek interfered with Taylor's right to return to work in November 2015, while allowing other employees to work with restrictions. See Pl. Resp. at 9-11. However, Taylor does not raise this allegation in her interference claim, and she may not amend her complaint through her response brief. Jocham v. Tuscola Cnty., 239 F. Supp. 2d 714, 732 (E.D.

9

Mich. 2003). But even if she did, as noted above, there are no facts alleged concerning similarly situated employees. See 29 U.S.C. § 2614(a)(4) ("As a condition of restoration . . . the employer may have a uniformly applied practice or policy that requires each such employee to receive certification from the health care provider of the employee that the employee is able to resume work[.]"); 29 C.F.R. § 825.312(a) ("[A]n employer may have a uniformly-applied policy or practice that requires all similarly-situated employees (i.e., same occupation, same serious health condition) who take leave for such conditions to obtain and present certification from the employee's health care provider that the employee is able to resume work.").

Second, Taylor argues that Szostek's marking of Taylor as "Failure to Report" for each day Taylor was absent in November amounted to FMLA interference. Pl. Resp. at 11-12. Again, Taylor does not make this allegation in her interference claim as pled in her complaint. Furthermore, Taylor does not provide any allegations that these failure-to-report marks prejudiced her in any manner.

Third, Taylor claims that Szostek interfered with Taylor's anticipated FLMA leave in February 2016 by firing Taylor before she could take the leave. Pl. Resp. at 13. Once again, Taylor does not raise this allegation in her interference claim as pled in her complaint.

## IV. CONCLUSION

For the reasons stated above, the Court grants J. C. Penney's motion to dismiss (Dkt. 4) and dismisses counts one and two of Taylor's complaint without prejudice. Although Taylor has not filed a motion for leave to file an amended complaint, the Court will afford her the

opportunity to file such a motion on or before October 3, 2016.[3]  Should Taylor fail to timely file a motion to amend, these counts will be dismissed with prejudice.

      SO ORDERED.

Dated: September 19, 2016                      s/Mark A. Goldsmith
      Detroit, Michigan                    MARK A. GOLDSMITH
                                                  United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 19, 2016.

                                                          s/Karri Sandusky
                                                          Case Manager

---

[3] In her response brief, Taylor requests that, "if these allegations are insufficient, [she] should be given the opportunity to amend to address the deficiency prior to suffering dismissal with prejudice of this claim." Pl. Resp. at 8.  This request is insufficient under Federal Rule of Civil Procedure 15, because that rule requires the filing of a motion.  See Kuyat v. BioMimetic Therapeutics, Inc., 747 F.3d 435, 444 (6th Cir. 2014) (Although [Rule 15] instructs courts to 'freely give leave' to amend, that liberal policy does not apply to the plaintiffs' one-sentence request.  A request for leave to amend almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is not a motion to amend."); E.D. Mich. LR 15.1 ("A party who moves to amend a pleading shall attach the proposed amended pleading to the motion.  Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference.").  Because Taylor has not filed a motion to amend with an attached proposed amended pleading, the issue of granting leave to amend is not properly before the Court.  Because the current motion to dismiss is premised entirely on a failure to plead sufficient facts under Iqbal, the Court grants Taylor leave to file a motion to amend, rather than dismiss with prejudice.

11